UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN PRIEST,                              CIVIL ACTION
          Plaintiff                       SECTION "P"
                                          NO. 3:10-CV-00085
VERSUS

JAMES M. LEBLANC, et al.,                 JUDGE JAMES T. TRIMBLE
          Defendants                      MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


     Before the court is a civil rights complaint filed pursuant to

28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff John

Priest ("Priest") on February 2, 2010 (Doc. 1).    The named

defendants are James M. LeBlanc (Secretary of the Louisiana

Department of Public Safety and Corrections), and Chad Menziena and

Mark Lane, both employed as correctional officers at the Louisiana

State Penitentiary ("LSP") in Angola, Louisiana.   Priest claims the

defendants retaliated against him for filing administrative remedy

procedures ("ARPs") and failed to respond to his ARPs.    For relief,

Priest asks for a court order for the Secretary LeBlanc to answer

his ARPs, a court order for the FBI to investigate the Louisiana

Department of Corrections and the LSP, for monetary damages, and a

jury trial (Doc. 1).

     Defendant Mark Lane was never served because he is no longer

employed with the Louisiana Department of Corrections (Doc. 10).

Defendants LeBlanc and Menziena were served but did not answer the complaint, instead filing a motion for "partial" summary judgment[1] claiming Priest failed to exhaust his administrative remedies and failed to state a claim cognizable under Section 1983, and claiming qualified immunity in their individual capacities and Eleventh Amendment immunity in their official capacities (Doc. 14). Priest filed an opposition to defendants' motion (Doc. 18). Defendants' motion was referred to the undersigned Magistrate Judge for report and recommendation (Doc. 24).

## Allegations in the Complaint

Priest contends that, on October 11, 2009, he and an Officer Marvin were "electrocuted" by a pair of hair clippers that were used to shave inmate's faces, there is only one pair of clippers for every 30 inmates, and the inmates are not screened for infectious diseases; Priest filed an emergency administrative remedy procedure ("EARP") (Doc. 1). Priest contends that, on October 16, 2009, Col. Menziena told the inmates they could either purchase their own shaver or use the hair clipper provided and, on October 21, 2009, threatened Priest with a false disciplinary report if he filed any more ARP's (Doc. 1).

Priest then filed another EARP on the basis that he feared for his safety due to Menziena's threat (Doc. 1). On November 21,

_____

[1] Although defendants styled their motion as a "partial" motion for summary judgment, it is in fact a "complete" motion for a summary judgment to dismiss the entire action.

2

2009, Priest contends Sgt. Mark Lane wrote a false report, stating that Priest and inmate Clairion Bay Jr. had engaged in homosexual acts (Doc. 1). When Lt. Gail Smutters investigated, Priest told her that he wanted to declare a medical emergency to disprove the charge and he wanted to file a charge against Sgt. Lane; Lt. Smutters told Priest to just write her a report about it (Doc. 1). Priest alleges that, based on the reports by Capt. Carl Thomas and Lt. Gail Smutters, Sgt. Lane was reassigned to a different building (Doc. 1). Priest also complains that his EARP was treated as a regular ARP and scheduled for attention within 40 days, instead of being addressed immediately (Doc. 1).

Priest contends that, on December 17, 2009, Assistant Warden Butler and Col. Chad Menziena asked Priest why he had said he was being threatened, so Priest explained the "situation" to Butler (Doc. 1). Later that day, Menziena moved Priest from the upper D tier of the R.C./C.C.R. building to the Lower B tier of the R.C./C.C.R. building. Priest claims that, since he was not written up for a rule infraction and he has lived on the upper D tier of the R.C./C.C.R. building since April 2007, Menziena moved him in retaliation for his filing ARPs (Doc. 1). The next day, on December 18, 2009, Priest wrote the Director of Investigative Services at the LSP to inform him/her of the situation, but never received a response (Doc. 1). Priest contends he also never received a response to his EARP.

3

<u>Law and Analysis</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury

4

could reasonably find for the plaintiff.  Stewart v. Murphy, 174

F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999),

and cases cited therein.

If the movant produces evidence tending to show that there is

no genuine issue of material fact, the nonmovant must then direct

the court's attention to evidence in the record sufficient to

establish the existence of a genuine issue of material fact for

trial.   In this analysis, we review the facts and draw all

inferences most favorable to the nonmovant.   Herrera v. Millsap,

862 F.2d 1157, 1159 (5th Cir. 1989).   However, mere conclusory

allegations are not competent summary judgment evidence, and such

allegations are insufficient, therefore, to defeat a motion for

summary judgment.   Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Lack of Exhaustion

Section 1997e(a), as amended by the Prison Litigation Reform

Act (PLRA), provides that "[n]o action shall be brought with

respect to prison conditions under Section 1983...by a prisoner

confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."  See

Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002);

Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001).

Also, Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919

(2007); Days v. Johnson, 322 F.3d 863 (5th Cir. 2003); Clifford v.

5

Gibbs, 298 F.3d 328, 330-331 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Jones, 549 U.S. at 218, 127 S.Ct. at 922-923.

However, the exhaustion requirement imposed by amended § 1997e is not jurisdictional. Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). Available administrative remedies are exhausted in compliance with the PLRA when the time limits for the prison's response set forth in the prison grievance procedures have expired. Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004), citing Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). Also, Mahogany v. Miller, 252 Fed.Appx. 593, 594 (5th Cir. 2007)("the district court assumes that a prisoner's claims have been exhausted when his grievances were not processed within prescribed time limits"). Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones, 549 U.S. at 216, 127 S.Ct. at 921. However, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Also, Torns v. Miss. Dept. of Corrections, 301 Fed.Appx. 386, 388 (5th Cir. 2008).

The Fifth Circuit has recognized, as a basis for excuse,

6

circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy, or where dismissal would be inefficient and would not further the interests of justice or the purposes of the exhaustion requirement. Johnson v. Ford, 261 Fed.Appx. 752, 755 (5th Cir. 2008), and cases cited therein.

In the case at bar, on November 30, 2009, Priest filed an ARP regarding the shaving practices at LSP (Doc. 18, Ex. B; Doc. 14, Ex.). On December 7, 2009, the warden's designee notified Priest in writing that his ARP no. LSP-2009-3572, dated November 30, 2009, had been received and a response would issue within 40 days (Doc. 18, Ex. B; Doc. 14, Ex.). A response was issued by the warden's designee on March 17, 2010, denying Priest's ARP concerning shaving practices (Doc. 18, Ex. C; Doc. 14, Ex.). Priest filed this suit on February 2, 2010.

Defendants acknowledge the first step response to Priest's ARP was untimely, but argue Priest still failed to exhaust his remaining administrative remedies prior to filing this suit and did not exhaust his administrative remedies as to his retaliation claims.

The LSP's untimely response to Priest's first step ARP did not automatically fulfill the exhaustion requirement for Priest. Instead, even though the LSP failed to comply with the time limit for responding to Priest's first step ARP, Priest was required to

proceed to the second and third steps. See <u>Taylor v. Burns</u>, 371 F.Appx. 479, 481 (5th Cir. 2010), citing <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998). Also, <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). Moreover, Priest's ARP did not include a grievance about Menziena's alleged retaliation against him. Therefore, that claim is completely unexhausted.

Priest's failure to pursue his administrative remedies, on all of his claims, to their conclusion prevents him from pursuing a federal lawsuit at this time. Since there are no genuine issues of material fact on the issue of Priest's failure to exhaust his administrative remedies, defendants' motion for summary judgment should be granted.[2]

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Priest's complaint be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

---

[2] Since Priest has not exhausted any of his claims, defendants' other defenses have not been discussed.

or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE